United States District Court
For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 MAY 26 PM 12 02

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

V.

ORDER SETTING
CONDITIONS OF RELEASE

SCOTT WYMAN BURGAN.

Case Number: 15-CR-100-J

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at Cheyenne, Wyoming on August 3, 2015 at 1:30 p.m.

Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of Ten Thousand dollars ($10,000.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED the release of the defendant is subject to the conditions marked below:

(6) **The defendant shall:**

- report to the U.S. Probation Office as directed and maintain contact throughout the pendency of this case.

- not violate any local, state, or federal law.

- maintain his residence in Sheridan, Wyoming, and he shall not move from this residence unless he has received prior permission from the U.S. Probation Office.

- not use, purchase or possess a computer. The defendant is forbidden from having any device which will allow him internet access.

- seek and maintain employment of at least 35 hours per week.

- not have any unsupervised contact with any minor child under the age of 18 years old. All contacts with any other minor children must be in the presence of a responsible adult approved by the U.S. Probation Office.

- refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802 unless prescribed by a licensed medical practitioner.

- not possess, send or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic or electronic signs, signals or sounds from any source, unless part of a treatment regimen. He shall not visit bulletin boards, chat rooms or other Internet sites where any pornographic, sexually oriented or sexually stimulating images or messages are discussed. He shall not send or receive email, text messages or other documents discussing any pornographic, sexually oriented, or sexually stimulating images or messages. The defendant shall not utilize file sharing programs such as peer to peer networks for any reason.

- submit to a search of his person / residence / vehicle / computer / office / cellular telephone based upon reasonable suspicion of a violation of the conditions of release.

- maintain contact with his attorney, Timothy Kingston.

- the defendant shall not consume or possess any alcoholic beverages, and shall not frequent establishments where the sale of alcohol is their primary source of business such as bars or lounges.

- not use, purchase or possess any firearms, ammunition, or other dangerous weapons.

- submit to a mental health evaluation if directed by the U.S. and follow through with any medications prescribed and/or treatment recommendations. He shall also sign a release of information to allow the U.S. Probation Office to have contact with his treatment provider.

- surrender his passport to the United States District Court Clerk's Office within five (5) days of release.

- The defendant shall be monitored by Radio Frequency Monitoring while on bond and shall abide by all technology requirements. The telephone line used for electronic monitoring shall not have any special features or services that may interfere with the functioning of the location monitoring equipment. The defendant shall comply with a schedule established by the supervising officer. The defendant shall pay all or part of the costs of participation in the location monitoring program as ordered by the Court and as directed by the probation/pretrial services officer.

- comply with a daily curfew of 9:00 p.m. - 6:00 a.m. The Defendant shall not leave his home between these hours without prior approval of the U.S. Probation/Pretrial Services Office.

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years imprisonment and a $250,000 fine to tamper with a witness, victim, or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____  _____
Signature of Defendant     City/State/Zip: Sheridan, WY 82801

## Direction to United States Marshal

• **The defendant is ORDERED released after processing.**

Date: May 26, 2015

_____
Kelly H. Rankin, Chief United States Magistrate Judge